Filed 7/23/14  P. v. Short CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION 5

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JAMES ERIC SHORT,<br><br>     Defendant and Appellant. | A138706<br><br>(Solano County<br>Super. Ct. No. VC43525) |

James Short appeals from a judgment extending his commitment to a state hospital for two years under Penal Code section 1026.5.[1]  At trial, a jury found in favor of the extension, based on a psychologist's expert opinion that due to his mental illness, Short poses a substantial danger of physical harm to others.  Short contends that neither this finding, nor the requisite showing that he has serious difficulty in controlling potentially dangerous behavior, is supported by substantial evidence.  We reject his arguments and affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1998, Short entered a plea of no contest to terrorist threats (§ 422) and false imprisonment by violence (§ 236).  Pursuant to a negotiated agreement, the court found him not guilty by reason of insanity, and, under section 1026.5, he was committed to a state hospital for a maximum term of seven years.  After Short served the full term, his commitment was extended four times.  The Solano County District Attorney then moved

---

[1] All further undesignated code references are to the Penal Code.

to extend the commitment a fifth time in 2013.  Sandy Folker, Psy.D., a Napa State Hospital psychologist, was the only witness at trial.  Folker testified, inter alia, Short has schizoaffective disorder and had undergone a standardized violence risk assessment.  After the jury found in favor of the extension, Short filed a timely notice of appeal.

## DISCUSSION

In reviewing appeals challenging the sufficiency of evidence to extend a section 1026.5 commitment, " ' "we apply the test used to review a judgment of conviction; therefore, we review the entire record in the light most favorable to the extension order to determine whether any rational trier of fact could have found the requirements of section 1026.5[, subdivision ](b)(1) beyond a reasonable doubt. [Citations.]" [Citation.]' [Citation.]  A single psychiatric opinion that an individual is dangerous because of a mental disorder constitutes substantial evidence to support an extension of the defendant's commitment under section 1026.5.  [Citation.]" (*People v. Bowers* (2006) 145 Cal.App.4th 870, 878–879.)  Expert testimony is considered substantial evidence if it is supported by "relevant, probative" facts and reasoning, rather than " 'guess, surmise or conjecture.' " (*Lockheed Martin Corp. v. Superior Court* (2003) 29 Cal.4th 1096, 1110; *People v. Zapisek* (2007) 147 Cal.App.4th 1151, 1168.)

Under section 1026.5, subdivision (a)(1), a person committed to a state hospital after being found not guilty by reason of insanity may be kept in custody no longer than the maximum term of commitment.  However, if that person committed a felony and represents a substantial danger of physical harm to others by reason of a mental disease, defect, or disorder, then the prosecuting attorney may file for a two-year commitment extension.  (§1026.5, subd. (b)(1), (2) & (8).)  Our Supreme Court has determined civil commitments for juvenile sex offenders constitute a significant deprivation of liberty (*In re Howard N.* (2005) 35 Cal.4th 117, 127–128); as a due process protection, the scheme for extensions of such commitments "should be interpreted to contain a requirement of serious difficulty in controlling dangerous behavior" (*id.* at p. 132).  This standard has been held to apply also to extensions under section 1026.5.  (*People v. Galindo* (2006) 142 Cal.App.4th 531, 537.)  Thus, the prosecutor in this case had to establish that because

of a mental disorder, Short (1) poses substantial danger of physical harm to others *and* (2) has serious difficulty in controlling his potentially dangerous behavior. (*People v. Bowers*, *supra*, 145 Cal.App.4th at p. 879.)

### (1) Substantial Danger of Physical Harm to Others

Short does not dispute Folker's diagnosis of schizoaffective disorder. However, he contends that Folker provided insufficient facts and reasoning to support her opinion that Short poses a substantial danger to others. As Short points out, Folker provided no instances of any physical harm Short caused others and instead only gave evidence of verbal threats. Additionally, Short challenges as speculative Folker's opinion that actual physical violence could have occurred in certain instances had hospital staff not intervened. Short further contends that evidence of his polydipsia[2] only showed he was a danger to himself.

We disagree. Folker gave adequate evidence to allow the jury to infer beyond a reasonable doubt that Short poses a substantial danger of physical harm to others. Short is misguided in pointing to a lack of *actual* physical harm to others; the legal standard is *substantial risk* of physical harm to others. The evidence shows Short is regularly impulsive and aggressive. Folker provided multiple examples where Short's delusions and hallucinations made him aggressive toward staff, his roommate, and Folker. Hospital workers have had to activate personal alarms when Short has gotten angry and yelled, punched walls and slammed doors, and threatened them by taking a fighting stance. At times, the staff has had to intervene, give medication to calm Short down, and physically prevent a fight from occurring.

Further, the jury was entitled to accept Folker's opinion that Short's conduct could have led to actual violence absent hospital staff intervention. Folker specializes in violence risk assessment and treatment of mentally ill patients. She worked with Short

---

[2] Folker explained that psychogenic polydipsia is an uncontrollable water seeking behavior sometimes seen in patients with schizophrenia. "It can cause a state of delirium in which you're confused, irritable, feel like you're intoxicated." It can also lead to dramatically reduced sodium levels in one's blood, causing seizure and death.

for over 18 months and engaged with him daily in treatment groups.  The jury could have concluded Folker could determine Short's potential for physical violence based on her experience and expertise.

Evidence of Short's polydipsia further supports Folker's opinion and the jury's finding that Short poses a danger to others.  Excess water consumption intoxicates Short, making him delirious, confused, and highly irritable.  Folker estimated that Short drank excess water in over half of his instances of aggression in the last year.  Short lives in the polydipsia wing of the hospital, where water fountains are supervised and each patient's water intake is carefully monitored.  Thus, it was reasonable for the jury to infer that if Short were released into the community without his water intake being scrutinized, he could drink too much, resulting in an increased risk of violence.

Folker also opined that Short's secondary diagnosis is methamphetamine and cannabis dependency.  By Folker's estimation, in "almost every past offense or violent incident," Short has been under the influence of methamphetamine, including the event that led to his original commitment in 1998.  The three times he was released from the hospital into the community, Short used cannabis, stopped taking his medications and getting treatment, and decompensated.  According to Folker, drug use must be considered in making a risk assessment determination because it increases the propensity for violence.

Therefore, the jury's finding that Short poses a substantial risk of physical harm to others is supported by substantial evidence.

### (2) Serious Difficulty in Controlling Dangerous Behavior

Short next argues there is insufficient evidence to support a finding that his mental illness causes him to have serious difficulty in controlling his dangerous behavior. During direct examination, the district attorney asked Folker if Short has serious difficulty in controlling his behavior and she responded "yes" without elaborating.  But Short argues even if evidence showed he did not control his dangerous behavior, the language in *People v. Galindo, supra*, 142 Cal.App.4th at page 539, requires a higher bar: "the fact he *did not* control his behavior does not prove that he *was unable to do so.*"

4

*People v. Galindo*, *supra,* 142 Cal.App.4th 531, is readily distinguishable. Galindo's primary diagnosis was bipolar disorder, a mood disorder. He was not reported to suffer from delusions or hallucinations. (*Id.* at pp. 533–536.) At trial, no expert opined that Galindo tried to control his behavior but had serious difficulty in doing so. (*Id.* at p. 539.) In this case, substantial evidence demonstrates Short's serious difficulty in controlling his dangerous behavior: he is unable to sense when he will get angry, he is highly impulsive, he hallucinates and acts on his hallucinations, and his delusions cause him to actively believe people are trying to harm him. That Folker did not cite these examples contemporaneously when rendering her opinion is not conclusive. It is reasonable to infer Folker relied on this evidence, which she testified to, in support of her opinion.

Short still experiences delusions and hallucinations which cause him to be paranoid and aggressive towards others. When he experiences these delusions, he has difficulty controlling himself and hospital staff has to medicate and restrain him. (See *People v. Zapisek, supra,* 147 Cal.App.4th at pp. 1166, 1168 [reviewing court found substantial evidence of serious difficulty in controlling potentially dangerous behavior based on the appellant whole-heartedly believing in and acting upon his delusions].) Thus, substantial evidence supports a finding Short has serious difficulty in controlling his dangerous behavior.

## DISPOSITION

The judgment of the trial court extending Short's commitment is affirmed.

                                                  
_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

BRUINIERS, J.